Robert C. Schubert (S.B.N. 62684)
Dustin L. Schubert (S.B.N. 254876)
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St., Suite 200
San Francisco, California 94123
Telephone:  (415) 788-4220
Fax:            (415) 788-0161
rschubert@sjk.law
dschubert@sjk.law

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS TARANTINO, DAVID BABAIAN, and NANCY KOMESSAR, Individually and on Behalf of a Class of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | No.  '23 CV0853 L    KSC<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

*Left margin (rotated):* SCHUBERT JONCKHEER & KOLBE LLP  2001 Union St., Suite 200  San Francisco, CA 94123  (415) 788-4220

Class Action Complaint

Upon personal knowledge as to their own acts, and based upon their investigation, the investigation of counsel, and information and belief as to all other matters, Plaintiffs Louis Tarantino, David Babaian, and Nancy Komessar, on behalf of themselves and all others similarly situated, allege as follows:

### NATURE OF THE ACTION

1. This is a class action brought on behalf of persons who purchased certain private-label dark chocolate products manufactured, marketed, advertised, distributed, and sold by Defendant Trader Joe's Company ("Trader Joe's" or "Defendant") which were contaminated with high amounts of dangerous heavy metals cadmium and lead, consumption of which is known to cause a wide range of harmful health effects.

2. The Trader Joe's dark chocolate products contaminated with these harmful heavy metals include, without limitation, the following: (i) Trader Joe's Dark Chocolate 72% Cacao bars; and (ii) Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

3. Trader Joe's is a national chain of neighborhood grocery stores, with over 560 stores in 43 states across the United States. Among the wide range of food and household products sold at its stores, Trader Joe's also sells many items under its Trader Joe's private label. It warrants these private-label food products as safe and fit for human consumption.

4. In its marketing and labeling of Trader Joe's Dark Chocolate 72% Cacao bars and Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, Trader Joe's does not disclose that these food items contain _any_ amount of lead or cadmium— let alone high amounts thereof—rendering these foods unsafe, unfit for human consumption, and otherwise worthless. Additionally, Trader Joe's advertising and packaging of these chocolate bars is also consequently materially false, deceptive, and misleading, and reasonably likely to deceive the public.

5. Lead and cadmium are both carcinogenic and dangerous when consumed, posing obvious and well-documented serious health risks to humans. In

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

addition to causing cancer, these heavy metals can impair kidneys, the liver, bones, brain development, and other key organs and systems. Given such health risks, the presence of even small lead and cadmium amounts in food items, whether alone or combined, is material to reasonable consumers.

6.      On December 15, 2022, the independent nonprofit consumer watchdog organization Consumer Reports published its exposé revealing that many popular dark chocolate bars, including those manufactured and sold by Trader Joe's, contained heavy metals.[1] The Consumer Reports investigation was supported independent lab testing showing that at least two Trader Joe's dark chocolate products contained high levels of cadmium or lead, measured against California's maximum allowable dose level (or "MADL"), as follows:



7.      To their detriment, Plaintiffs relied on Trader Joe's misrepresentations and omissions that these dark chocolate bars contained only those ingredients listed on the packaging and labeling, and that they were safe and fit for human consumption. Had Plaintiffs known these food items contained heavy metals like lead or cadmium,

---

[1] Kevin Loria, *Lead and Cadmium Could Be in Your Dark Chocolate*, CONSUMER REPORTS (Dec. 15, 2022), https://www.consumerreports.org/health/food-safety/lead-and-cadmium-in-dark-chocolate-a8480295550/.

Class Action Complaint                                                                        2

1   they would not have purchased the contaminated products on the same terms and
2   prices, if at all.

3        8.     Since at least approximately 2014, Trader Joe's has known of the
4   presence of lead and cadmium in various of its private-label dark chocolate food
5   products, when a consumer advocacy group tested these items and subsequently
6   notified Trader Joe's of the results. Additionally, Trader Joe's sources the ingredients
7   and manufactures these private label products and has exclusive knowledge of their
8   quality control testing and the ingredients contained therein.

9        9.     Through this action, Plaintiffs, both individually and on behalf of classes
10  of other similarly situated purchasers of Trader Joe's products containing high levels
11  of heavy metals lead and cadmium, seek all applicable and available relief and
12  damages under the laws of California, Illinois, Maryland, and the United States.

13  **PARTIES**

14       10.    Plaintiff Louis Tarantino is a citizen of California and resident of Los
15  Angeles, California. For at least approximately the past fifteen years, Plaintiff
16  Tarantino has regularly purchased Trader Joe's dark chocolate products. More
17  recently, Plaintiff Tarantino has purchased Trader Joe's Dark Chocolate 72% Cacao
18  bars approximately once every week primarily from Trader Joe's locations in
19  Hollywood, California and Sherman Oaks, California. At the time Plaintiff Tarantino
20  purchased these Trader Joe's dark chocolate products, due to the false and misleading
21  claims, warranties, representations, advertisements, and other marketing by
22  Defendant, he was unaware that these food items were contaminated with high levels
23  of lead or cadmium. Plaintiff Tarantino would not have purchased the Trader Joe's
24  Dark Chocolate 72% Cacao bars if Defendant had disclosed that these food items
25  contained high levels of lead or cadmium. As a result, Plaintiff Tarantino suffered
26  injury in fact when he spent money to purchase products that he would not otherwise
27  have purchased absent Defendant Trader Joe's misconduct and unlawful actions, as
28  alleged herein. Plaintiff Tarantino continues to purchase other dark chocolate

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint         3

products containing lower levels of lead and cadmium than Trader Joe's Dark Chocolate 72% Cacao bars, and intends to make additional purchases in the future. Plaintiff Tarantino would like to purchase Trader Joe's dark chocolate products again in the future, but only if he was confident that lead and cadmium were removed entirely from such food items or such heavy metals were significantly reduced to safe levels.

11.   Plaintiff David Babaian is a citizen of Maryland and resident of Severna Park, Maryland. For approximately the past five years, Plaintiff Babaian has regularly purchased Trader Joe's dark chocolate products, and often purchases five Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars at a time. For the past three years, Plaintiff Babaian has purchased these food products from Trader Joe's locations in Annapolis, Maryland and Elkridge, Maryland. Prior to that, Plaintiff Babaian was a citizen and resident of Massachusetts and purchased the same dark chocolate products from a Trader Joe's location in Cambridge, Massachusetts. Before learning of the high levels of heavy metals in these Trader Joe's products, Plaintiff Babaian consumed some portion of these bars daily. At the time Plaintiff Babaian purchased these Trader Joe's dark chocolate products, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, he was unaware that these food items were contaminated with high levels of lead or cadmium. Plaintiff Babaian would not have purchased the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars if Defendant had disclosed that these food items contained high levels of lead or cadmium. As a result, Plaintiff Babaian suffered injury in fact when he spent money to purchase products that he would not otherwise have purchased absent Defendant Trader Joe's misconduct and unlawful actions, as alleged herein. Plaintiff Babaian continues to purchase other dark chocolate products containing lower levels of lead and cadmium than Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, and intends to make additional purchases in the future. Plaintiff Babaian would like to purchase Trader

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Joe's dark chocolate products again in the future, but only if he was confident that lead and cadmium were removed entirely from such food items or such heavy metals were significantly reduced to safe levels.

12.     Plaintiff Nancy Komessar is a citizen of Illinois and resident of Chicago, Illinois. For at least approximately the past three years, Plaintiff Komessar has regularly purchased Trader Joe's Dark Chocolate 72% Cacao bars every few months from a Trader Joe's location in Chicago, Illinois, and often purchases approximately six such bars at a time. At the time Plaintiff Komessar purchased these Trader Joe's dark chocolate products, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, she was unaware that these food items were contaminated with high levels of lead or cadmium. Plaintiff Komessar would not have purchased the Trader Joe's Dark Chocolate 72% Cacao bars if Defendant had disclosed that these food items contained high levels of lead or cadmium. As a result, Plaintiff Komessar suffered injury in fact when she spent money to purchase products that she would not otherwise have purchased absent Defendant Trader Joe's misconduct and unlawful actions, as alleged herein. Plaintiff Komessar continues to purchase other dark chocolate products containing lower levels of lead and cadmium than Trader Joe's Dark Chocolate 72% Cacao bars, and intends to make additional purchases in the future. Plaintiff Komessar would like to purchase Trader Joe's dark chocolate products again in the future, but only if she was confident that lead and cadmium were removed entirely from such food items or such heavy metals were significantly reduced to safe levels.

13.     Defendant Trader Joe's Company is a California corporation with its principal place of business and corporate headquarters in Monrovia, California. Trader Joe's operates 561 retail grocery stores in the United States, across 43 states. Over 190 of these stores are located in California. As part of its broader business, Trader Joe's manufactures, advertises, labels, and sells many private label products throughout the United States, including dark chocolate food items and the Trader

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars that are the subject of this action.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendant because Defendant is a California corporation, is headquartered in this State, and regularly sells and markets its products throughout California. Defendant derives substantial revenue from sales of its products in this State, with knowledge that its products are being marketed and sold for use in California.

16.     This Court has personal jurisdiction over the Plaintiffs because Plaintiffs submit to the Court's jurisdiction.

17.     Venue is proper in this District under 28 U.S.C. § 1391(b), (c), and (d) because Defendant is a California corporation (and thus resides in this District), is headquartered in this State, and regularly sells and markets its products throughout California, including by owning and operating at least a dozen of grocery stores located in this District.

## FACTUAL BACKGROUND

**Heavy Metals Lead and Cadmium Are Known Carcinogens and Are Linked to a Wide Range of Other Harmful Health Effects**

18.     The consensus in the scientific community is that there is no level of lead that is safe. According to the Mayo Clinic, "Lead poisoning occurs when lead builds up in the body, often over months or years. Even small amounts of lead can cause serious health problems. Children younger than 6 years are especially vulnerable to lead poisoning, which can severely affect mental and physical development. At very

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

high levels, lead poisoning can be fatal."[2] In other words, "No amount of lead is known to be safe."[3] Lead exposure can cause anemia, weakness, and kidney and brain damage.[4] Lead affects almost every organ and system in the body and accumulates over time, leading to severe health risks and toxicity, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, even coma and death.[5] Lead poses even higher risks to pregnant women because it can cross the fetal barrier, potentially harming the developing fetus and resulting in reduced growth and premature birth.[6] For adults, lead can accumulate in bones, where it is stored and then later released into the blood, re-exposing organ systems long after an original exposure.[7]

19.     Lead contamination in dark chocolate food products is largely preventable. According to a reports, lead levels are influenced by where and how the cacao beans are handled by humans after being harvested.[8] Such post-harvest contamination mostly happens during the outdoor fermentation and drying of beans,

---

[2] *See* https://www.mayoclinic.org/diseases-conditions/lead-poisoning/symptoms-causes/syc-20354717.

[3] *See* Jessica Pupovac, *Lead Levels Below EPA Limits Can Still Impact Your Health*, NPR (Aug. 13, 2016), https://www.npr.org/sections/thetwoway/2016/08/13/489825051/lead-levels-below-epalimits-can-still-impact-your-health.

[4] *See The National Institute for Occupational Safety and Health (NIOSH): Lead*, https://www.cdc.gov/niosh/topics/lead/health.html (last visited May 3, 2023).

[5] *See id.*

[6] *See* Center for Disease Control and Prevention: Childhood Lead Poisoning Prevention, Pregnant Women, https://www.cdc.gov/nceh/lead/prevention/pregnant.htm (last visited May 3, 2023).

[7] *See* State of New York Department of Health, "Lead Exposure in Adults: A Guide for Health Care Providers," https://www.health.ny.gov/publications/2584.pdf.

[8] Vonnai Phair, *How Heavy Metals Get Into Dark Chocolate Bars*, THE SEATTLE TIMES (Feb. 10, 2023), https://www.seattletimes.com/seattle-news/health/how-heavy-metals-get-into-dark-chocolate-bars/.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint                                                                7

during which soil and dust that contain lead come into contact with the cacao bean shell.[9] Bean cleaning and shell removal at chocolate manufacturing facilities also play a significant role in lead exposure.[10] Thus, improved harvesting and manufacturing processes can reduce lead contamination in dark chocolate food products.

20.    Likewise, cadmium is dangerous and harmful when consumed. It can be found in cigarette smoke and a wide variety of industrial products, such as batteries, metal coatings, and plastics. Cadmium is carcinogenic and exposure to even low levels over time may result in a toxic build-up of cadmium in the kidneys, leading to kidney disease, as well as bone damage and osteoporosis.[11] Additionally, "[w]hen eaten, large amounts of cadmium can severely irritate the stomach and cause vomiting and diarrhea."[12] It is also linked to cardiovascular disease and cancer.[13] Thus, "any cadmium exposure should be avoided."[14]

21.    Although cacao plants take up cadmium from the soil before harvest through root systems which is later deposited in the cacao beans, solutions exist to address high cadmium levels in dark chocolate products.[15] For example, the National Confectioners Association and the nonprofit As You Sow released a report in March

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

---

[9] *Id.*

[10] *Id.*

[11] Agneta Akesson*, Cadmium-Induced Effects on Bone in a Population-Based Study of Women*, ENVIRON. HEALTH PERSPECT. (June 2006), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC1480481/.

[12] Center for Disease Control and Prevention: National Biomonitoring Program, Cadmium Factsheet, https://www.cdc.gov/biomonitoring/Cadmium_FactSheet.html (last visited May 2, 2023).

[13] M. Nathaniel Mead, *Cadmium Confusion: Do Consumers Need Protection?*, ENVIRON. HEALTH PERSPECT. (Dec. 2010), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3002210/.

[14] *See id*.

[15] *See* Phair, *supra.*

---

Class Action Complaint                                                                 8

2022 recommending efforts to increase soil pH to reduce cadmium uptake, carefully breeding or genetically engineering plants to take up less cadmium, replacing older cacao trees with younger ones, and removing or treating soil known to be contaminated with cadmium.[16]

### In December 2022, Consumer Reports Reveals That at Least Two Trader Joe's Dark Chocolate Products Contain High Levels of Lead or Cadmium

22.    As observed in its December 15, 2022 report titled *Lead and Cadmium Could Be in Your Dark Chocolate*, Consumer Reports identifies "there's a dark side" to dark chocolate, often otherwise known for its potential health benefits and rich supply of antioxidants.[17] Therein, Consumer Reports explained that its scientists had recently measured the amount of heavy metals in twenty-eight popular dark chocolate bars and detected cadmium and lead in every product. The two Trader Joe's dark chocolate products tested by Consumer Reports showed high levels of lead or cadmium, or both. Using California's MADL for lead (0.5 micrograms) and cadmium (4.1 micrograms), Consumer Reports revealed that: (i) Trader Joe's Dark Chocolate 72% Cacao bars contained 192% of the MADL for lead and 36% of the MADL for cadmium; and Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained 127% of the MADL for lead and 229% of the MADL for cadmium. California's MADLs (otherwise known as Proposition 65) are regulatory standards for chemicals causing reproductive toxicity. Of the twenty-eight products tested by Consumer Reports, the observed lead levels in Trader Joe's Dark Chocolate 72% Cacao bars (192% of the MADL) were the fourth-highest and the observed cadmium levels in Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars (229% of the MADL) were the overall highest.

---

[16] *Id.*

[17] Loria, *supra.*

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

**Trader Joe's Promises Customers That Its Private Label Products, Including Dark Chocolate Food Items, Are Safe and Trusted**

23.      Trader Joe's tells customers that "We want to make absolutely clear that we would never sell any product we believe to be unsafe" and that "We take these matters seriously—personally, even, as our families eat and drink TJ's products, too."[18] On its "About Us" website page, Trader Joe's declares it is "committed to providing our customers outstanding value in form of the best quality products."[19] Trader Joe's promises that "nothing is more important than the health and safety of our customers and Crew Members."[20] Additionally, regarding its private label products (such as the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars), Trader Joe's also touts their safety and quality, as follows:

> What can I expect from Trader Joe's private label products?
> Trader Joe's private label products promise great quality fare for exceptional, everyday prices. We taste everything before we put our name on it and offer only what we feel is extraordinary.
>
> *          *          *          *
>
> When you see our name on a label, you can be assured that the product contains:
>
> - YES quality ingredients
> - NO artificial flavors
> - NO artificial preservatives
> - YES colors derived only from naturally available products
> - NO MSG
> - NO genetically modified ingredients
> - NO partially hydrogenated oils (artificial trans-fats)
> - NO "marketing" costs

---

[18] https://www.traderjoes.com/home/FAQ/product-faqs (last visited May 3, 2023).

[19] https://www.traderjoes.com/home/about-us (last visited May 3, 2023).

[20] https://www.traderjoes.com/home/FAQ/product-faqs (last visited May 3, 2023).

Class Action Complaint                                                                                           10

- YES tasting panel approval
- YES great price[21]

24.    Despite these assurances, Trader Joe's Dark Chocolate 72% Cacao bars and Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were at all relevant times contaminated with high amounts of dangerous heavy metals cadmium and lead, rendering these food items unsafe, unfit for human consumption, and otherwise worthless (or alternatively, materially overpriced).

## **CLASS ACTION ALLEGATIONS**

25.    Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and proposed classes defined as follows:

> All persons who purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the United States (the "Nationwide Class")

26.    Within the Nationwide Class, there are four Subclasses defined as follows:

> All persons who purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the State of California (the "California Class")

> All persons who purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the State of Maryland (the "Maryland Class")

> All persons who purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the State of Illinois (the "Illinois Class")

27.    Within the California Class, there is one subclass for purposes of Plaintiffs' claims under the California Song-Beverly Consumer Warranty Act and the

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

---

[21] *Id.*

Class Action Complaint                                                                11

California Consumer Legal Remedies Act, defined. The proposed California Subclass is defined as follows:

> All persons who purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the State of California for personal, family, or household purposes (the "California Subclass").

28.    Excluded from the Nationwide Class and Subclasses are governmental entities, Trader Joe's, any entity in which Trader Joe's has a controlling interest, and Trader Joe's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Nationwide Class and Subclasses are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

29.    ***Numerosity Under Rule 23(a)(1).*** The Nationwide Class and Subclasses are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all members of the Nationwide Class and Subclasses in a single action will provide substantial benefits to the parties and the Court. Although the precise number of members of the Nationwide Class and Subclasses are unknown to Plaintiffs at this time, on information and belief, the proposed Nationwide Class and Subclasses contain at least thousands of purchasers of the subject Trader Joe's dark chocolate products who have been damaged by Trader Joe's conduct as alleged herein. Discovery will reveal, through Trader Joe's records, the approximate number of members of the Nationwide Class and Subclasses.

30.    ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual members of the Nationwide Class and Subclasses. These common questions, which do not vary among members of the Nationwide Class or Subclasses and which may be determined without

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

reference to any Nationwide Class or Subclass member's individual circumstances, include, but are not limited to:

(a)    Whether the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were contaminated with the heavy metals lead or cadmium;

(b)    Whether Trader Joe's knew or should have known that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were contaminated with the heavy metals lead or cadmium;

(c)    Whether Trader Joe's representations and omissions in its advertising and/or labeling are false, deceptive, or misleading;

(d)    Whether Trader Joe's representations and omissions in its advertising and/or labeling are likely to deceive a reasonable consumer;

(e)    Whether Trader Joe's had knowledge that its representations and omissions in its advertising and/or labeling were false, deceptive, or misleading;

(f)    Whether Trader Joe's engaged in unlawful, fraudulent, or unfair business practices;

(g)    Whether Trader Joe's conduct violated the applicable state consumer protection laws alleged herein;

(h)    Whether, as a result of Trader Joe's omissions and/or misrepresentations of material facts, Plaintiffs and members of the Nationwide Class and Subclasses have suffered an ascertainable loss of monies and/or property and/or value;

(i)    Whether Plaintiffs and the members of the Nationwide Class or Subclasses have been damaged by the wrongs alleged are entitled to actual, statutory, and punitive damages; and

(j)    Whether Plaintiffs and members of the Nationwide Class and Subclasses are entitled to declaratory and injunctive relief.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

31.     ***Typicality Under Rule 23(a)(3).*** Plaintiffs' claims are typical of the Nationwide Class and Subclasses members' claims. Trader Joe's course of conduct caused Plaintiffs and members of the Nationwide Class and Subclasses the same harm, damages, and losses as a result of Trader Joe's uniformly unlawful conduct. Likewise, Plaintiffs and other members of the Nationwide Class and Subclasses must prove the same facts in order to establish the same claims.

32.     ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiffs are adequate Nationwide Class and Subclass representatives because they are Nationwide Class and Subclass members, and their interests do not conflict with the interests of the Nationwide Class or Subclass. Plaintiffs have retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Nationwide Class and Subclasses' benefit and have the resources to do so. Plaintiffs and their counsel have no interests adverse to those of the other members of the Nationwide Class or Subclasses.

33.     Further, Plaintiffs have standing to represent members of the putative classes because there is sufficient similarity between the specific products purchased by Plaintiffs and the other Trader Joe's dark chocolate products that are the subject of this action. More specifically, the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars uniformly fail to include labeling to indicate to consumers that these food items were contaminated with the heavy metals lead or cadmium.

34.     ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Nationwide Class and Subclass member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Nationwide Class and Subclasses will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Trader Joe's wrongful conduct.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Even if each Nationwide Class and Subclass member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

35.     As a result of the foregoing, class treatment is appropriate.

## FIRST CLAIM FOR RELIEF
### Violations of the California Consumer Legal Remedies Act
### Cal. Civ. Code §§ 1750, *et seq.*
### *(On Behalf of Plaintiff Tarantino and the California Subclass)*

36.     Plaintiff Tarantino, individually and on behalf of the California Subclass, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

37.     Plaintiff Tarantino brings this claim individually and on behalf of the California Subclass against Trader Joe's.

38.     Plaintiff Tarantino and each proposed California Subclass member is a "consumer," as that term is defined in Cal. Civ. Code § 1761(d).

39.     The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are "goods," as that term is defined in Cal. Civ. Code § 1761(a).

40.     Trader Joe's is a "person" as that term is defined in Cal. Civ. Code § 1761(c).

41.     Plaintiff Tarantino and each proposed California Subclass member's purchase of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

The Dark Chocolate Lover's Chocolate 85% Cacao bars constituted a "transaction," as that term is defined in Cal. Civ. Code §§ 1761(e) and 1770.

42.     Trader Joe's conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA"):

a.     Representing that goods have characteristics, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b.     Representing that goods are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7));

c.     Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and

d.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

43.     In addition, under California law, a duty to disclose arises in four circumstances: (i) when the defendant is in a fiduciary relationship with the plaintiff; (ii) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (iii) when the defendant actively conceals a material fact from the plaintiff; and (iv) when the defendant makes partial representations but also suppresses some material facts.

44.     Trader Joe's had a duty to disclose to Plaintiff Tarantino and the California Subclass that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained high levels of the heavy metals lead and cadmium for the following three independent reasons: (i) Trader Joe's had exclusive knowledge of the information at the time of sale; (ii) Trader Joe's actively concealed from Plaintiff Tarantino and the California Subclass this information which is important to customers; and (iii) Trader Joe's made

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

partial representations to Plaintiff Tarantino and the California Subclass regarding the safety, quality, and ingredients of its dark chocolate products.

45.     Trader Joe's misrepresentations and omissions alleged herein were likely to mislead an ordinary consumer. Plaintiff Tarantino and the California Subclass reasonably understood Trader Joe's representations and omissions to mean that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were reasonably safe and fit for human consumption.

46.     Trader Joe's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

47.     Plaintiff Tarantino and members of the California Subclass relied to their detriment on Trader Joe's misrepresentations and omissions in purchasing the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

48.     Plaintiff Tarantino, on behalf of himself and the California Subclass, demands judgment against Trader Joe's under the CLRA for injunctive relief to Plaintiff Tarantino and the California Subclass.

49.     Plaintiff Tarantino, on behalf of himself and the California Subclass, further intends to seek compensatory damages.

50.     Pursuant to Cal. Civ. Code § 1782(a), Plaintiff Tarantino will serve Trader Joe's with notice of its alleged violations of the CLRA by certified mail return receipt requested. If, within thirty days after the date of such notification, Trader Joe's fails to provide appropriate relief for its violations of the CLRA, Plaintiff Tarantino will amend this Class Action Complaint to seek monetary damages under the CLRA.

51.     Notwithstanding any other statements in this Class Action Complaint, Plaintiff Tarantino does not seek monetary damages in connection with his CLRA claim—and will not do so—until the applicable thirty-day period has passed.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

52.     Plaintiff Tarantino, on behalf of himself and the California Subclass, further seeks an order enjoining Trader Joe's unfair or deceptive acts or practices, restitution, costs of court, attorneys' fees under Cal. Civ. Code § 1780(e), and any other just and proper relief available under the CLRA.

53.     Pursuant to § 1780(d) of the CLRA, attached as Exhibit A is the affidavit providing that this action has been commenced in the proper forum.

**SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
***(On Behalf of Plaintiff Tarantino and the California Class)***

54.     Plaintiff Tarantino, individually and on behalf of the California Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

55.     Plaintiff Tarantino brings this claim individually and on behalf of the California Class against Trader Joe's.

56.     Trader Joe's is and was at all relevant times a "merchant" with respect to food products under Cal. Com. Code § 2104(1) and a "seller" of such products under Cal. Com. Code § 2103(1).

57.     The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of Cal. Com. Code § 2105(1).

58.     Plaintiff Tarantino and each member of the California Class formed a contract with Trader Joe's at the time Plaintiff Tarantino and each member of the California Class purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

59.     The terms of these contracts included the promises and affirmations of fact made by Trader Joe's on the packaging of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

bars and through marketing and advertising which did not reveal the presence of the heavy metals lead and cadmium therein, as described above. Instead, Trader Joe's written warranties with Plaintiff Tarantino and the California Class represented that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were food products which contained only those ingredients listed on their labels. Trader Joe's further expressly warrants and represents in its marketing, advertising, and labeling of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars that all its private label products contain only "quality ingredients" and that Trader Joe's would "never sell any product we believe to be unsafe."[22] Together, this labeling, marketing, and advertising constituted express warranties that formed a basis of the bargain that was breached when Plaintiff Tarantino and the California Class members purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars which contained high levels of heavy metals lead and cadmium and were accordingly misbranded, adulterated, and not safe or suitable for human consumption.

60.    Plaintiff Tarantino and the California Class, by use of reasonable care, could not have discovered the breached warranty and incurred the hidden increased risks and unreasonable dangers of consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

61.    As a direct and proximate result of Trader Joe's breach of express warranties, Plaintiff Tarantino and the California Class members have been injured and damaged in an amount to be determined at trial.

---

[22] https://www.traderjoes.com/home/FAQ/product-faqs (last visited May 3, 2023).

Class Action Complaint                                                                 19

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

62.     Plaintiff Tarantino and the California Class did not need to send notice to Trader Joe's of its breaches of its express warranties because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained lead and cadmium, in violation of Trader Joe's express warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

### THIRD CLAIM FOR RELIEF
**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**
***(On Behalf of Plaintiff Tarantino and the California Class)***

63.     Plaintiff Tarantino, individually and on behalf of the California Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

64.     Plaintiff Tarantino brings this claim individually and on behalf of the California Class against Trader Joe's.

65.     Trader Joe's is and was at all relevant times a "merchant" with respect to food products under Cal. Com. Code § 2104(1) and a "seller" of such products under Cal. Com. Code § 2103(1).

66.     The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of Cal. Com. Code § 2105(1).

67.     A warranty that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were in merchantable condition and fit for the ordinary purpose for which these food products are used (and were not otherwise injurious to consumers) is implied by law pursuant to Cal. Com. Code §§ 2314 and 2315. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Trader Joe's and Plaintiff Tarantino and the California Class members.

Class Action Complaint

20

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

68.     The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were not in merchantable condition and are not fit for the ordinary purpose for which food products are used (i.e., human consumption) because they were contaminated with heavy metals lead and cadmium. Trader Joe's knew or had reason to know of the specific use for which the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were purchased. More specifically, at the time Trader Joe's marketed and otherwise placed its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars into the stream of commerce, it knew that Plaintiff Tarantino and the California Class would purchase these products for safe human consumption, expecting them to be free from dangerous ingredients such as heavy metals. Trader Joe's further knew that consumers, including Plaintiff Tarantino and the California Class, lacked the ability or opportunity to determine whether any unspecified ingredients were present in the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, but would instead rely on Trader Joe's representations that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were suitable for their particular purpose and free from heavy metals.

69.     At all times, Plaintiff Tarantino and California Class members used the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner that was intended for use.

70.     Trader Joe's implied warranties apply to the purchasers of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, creating privity between Trader Joe's and Plaintiff Tarantino and California Class members. Further, as intended consumers and ultimate users of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, Plaintiff Tarantino and

Class Action Complaint                                                                          21

California Class members are the intended third-party beneficiaries of any contracts between Trader Joe's and other retailers from which Plaintiff Tarantino and California Class members obtained the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, which contained the implied warranty of merchantability and fitness for ordinary use. Plaintiff Tarantino and the California Class members are the parties intended to benefit from any such contract because they are the persons consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner intended.

71.     As a direct and proximate result of Trader Joe's breach of the implied warranty of merchantability, Plaintiff Tarantino and the California Class members have been injured and damaged in an amount to be proven at trial.

72.     Plaintiff Tarantino and the California Class did not need to send notice to Trader Joe's of its breaches of its implied warranty of merchantability because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained heavy metals, thereby violating Trader Joe's implied warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

## FOURTH CLAIM FOR RELIEF
### Violations of Song-Beverly Consumer Warranty Act
### Cal. Civ. Code §§ 1790, *et seq.*
### *(On Behalf of Plaintiff Tarantino and the California Subclass)*

73.     Plaintiff Tarantino, individually and on behalf of the California Subclass, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

74.     Plaintiff Tarantino brings this claim individually and on behalf of the California Subclass against Trader Joe's.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint

22

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

75.    Plaintiff Tarantino and the California Subclass purchased Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars marketed by Trader Joe's as safe and appropriate for human consumption.

76.    Plaintiffs Tarantino and the California Subclass purchased Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars new and in their original packaging and did not alter these dark chocolate food products.

77.    The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were used and bought primarily for personal, family, or household purposes and are therefore consumer goods.

78.    At the time of Plaintiff Tarantino and the California Subclass's purchases, Trader Joe's was in the business of selling and marketing grocery food items, including the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

79.    The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were contaminated with high levels of the heavy metals lead and cadmium. Lead and cadmium were present in the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars when they left the exclusive control of Trader Joe's and therefore existed during the duration of the warranty period.

80.    The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were not of the same quality as those generally acceptable in the trade; were not safe, effective, or fit for the ordinary purpose of human consumption; were not adequately contained, packaged, and labeled; and did not conform to the promises and facts stated on their containers and labels.

Class Action Complaint                                                      23

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

81.     Trader Joe's therefore breached the implied warranty of merchantability, which by California law is provided in every consumer agreement for the sale of goods, including the sale of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

82.     As a direct and proximate cause of Trader Joe's breach of the implied warranty of merchantability, Plaintiff Tarantino and the California Subclass have been damaged by receiving an inferior and unsafe product from that which they were promised. Plaintiff Tarantino and the California Subclass, therefore, have the right to cancel and recover the purchase price of their purchases of Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

### FIFTH CLAIM FOR RELIEF
**Violations of the California False Advertising Law**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
***(On Behalf of Plaintiff Tarantino and the California Class)***

83.     Plaintiff Tarantino, individually and on behalf of the California Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

84.     Plaintiff Tarantino brings this claim individually and on behalf of the California Class against Trader Joe's.

85.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code § 17500.

86.     Plaintiff Tarantino, individually and on behalf of the California Class, has standing to pursue this claim because he suffered injury in fact and lost money or property as a result of Trader Joe's actions, as described above.

87.     Trader Joe's engaged in advertising and marketing to the public and offered for sale the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in California.

Class Action Complaint                                                    24

88.    Trader Joe's engaged in the advertising and marketing alleged herein with the intent to induce the sale of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars to consumers like Plaintiff Tarantino and the California Class.

89.    Trader Joe's advertising and marketing representations regarding its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were false, misleading, and deceptive as set forth in detail above, within the definition, meaning, and construction of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* Trader Joe's concealed the material information from consumers that these dark chocolate food products contained high levels of the heavy metals lead and cadmium.

90.    Trader Joe's misrepresentations and omissions alleged herein deceive or have the tendency to deceive the general public regarding safety of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars for ordinary consumer use and consumption.

91.    Trader Joe's misrepresentations and omissions alleged herein were the type of misrepresentations that are material (*i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions).

92.    Trade Joe's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

93.    At the time Trader Joe's made the misrepresentations and omissions alleged herein, it knew or should have known that they were untrue or misleading and acted in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

94.    Unless restrained by this Court, Trader Joe's will continue to engage in untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

95.     As a result, Plaintiff Tarantino and each member of the California Class have been injured, have lost money or property, and are entitled to relief. Plaintiff Tarantino and the California Class seek restitution, injunctive relief, and all other relief permitted under Cal. Bus. & Prof. Code §§ 17500, *et seq.*

**SIXTH CLAIM FOR RELIEF**
**Violations of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
***(On Behalf of Plaintiffs Bernier and Theus and the California Class)***

96.     Plaintiff Tarantino, individually and on behalf of the California Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

97.     Plaintiff Tarantino brings this claim individually and on behalf of the California Class against Trader Joe's.

98.     Plaintiff Tarantino has standing to pursue this claim because he has suffered injury in fact and lost money or property as a result of Trader Joe's actions, as described above. All California Class Members overpaid for the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars due to Trader Joe's concealment that these food items contained high levels of the heavy metals lead and cadmium. Trader Joe's actions as alleged herein constitute an "unlawful" practice as encompassed by Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") because Trader Joe's breached the implied warranty of merchantability in violation of the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*, and further violated the California Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

99.     Trader Joe's actions as alleged herein constitute a "fraudulent" practice because, by representing that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were safe and suitable for ordinary consumer use but concealing that these food products in fact

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

contained high levels of lead and cadmium, Trader Joe's conduct was likely to deceive consumers. Trader Joe's failures to disclose that these products contained high levels of heavy metals, constitute material omissions in violation of the UCL.

100.   Trader Joe's actions as alleged herein constitute an "unfair" practice because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Trader Joe's customers. The harm caused by Trader Joe's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Plaintiff Tarantino and the California Class. Trader Joe's could and should have chosen one of many reasonably available alternatives, such as: (i) not including high levels of the heavy metals lead and cadmium in its dark chocolate food products; (ii) altering the marketing, packaging, and labeling of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars to accurately disclose the products' ingredients; or (iii) not selling its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars altogether. Additionally, Trade Joe's conduct was "unfair," because it violated the legislatively declared policies reflected by California's strong consumer protection, consumer warranty, and false advertising laws, including the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*, the California Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

101.   As a result of Trader Joe's unlawful, fraudulent, and unfair conduct, Plaintiff Tarantino and the California Class were damaged. Plaintiff Tarantino and the California Class received an inferior product from that which they were promised. Had Trader Joe's disclosed that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained high levels of heavy metals, Plaintiff Tarantino and the California Class would not have purchased these food products or would have paid substantially less.

Class Action Complaint                                                                 27

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

102.   Plaintiff Tarantino and the California Class also seek an order requiring Trader Joe's to make full restitution of all monies it has wrongfully obtained from California Class Members, as well as all other relief permitted under the UCL.

**SEVENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Md. Code Com. Law § 2-313**
***(On Behalf of Plaintiff Babaian and the Maryland Class)***

103.   Plaintiff Babaian, individually and on behalf of the Maryland Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

104.   Plaintiff Babaian brings this claim individually and on behalf of the Maryland Class against Trader Joe's.

105.   Trader Joe's is and was at all relevant times a "merchant" with respect to food products under Md. Code Com. Law 2-104(1) and a "seller" of such products under Md. Code Com. Law § 2-103(1)(d).

106.   The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of Md. Code Com. Law § 2-105(1).

107.   Plaintiff Babaian and each member of the Maryland Class formed a contract with Trader Joe's at the time Plaintiff Babaian and each member of the Maryland Class purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

108.   The terms of these contracts included the promises and affirmations of fact made by Trader Joe's on the packaging of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars and through marketing and advertising which did not reveal the presence of the heavy metals lead and cadmium therein, as described above. Instead, Trader Joe's written warranties with Plaintiff Babaian and the Maryland Class represented that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Chocolate Lover's Chocolate 85% Cacao bars were food products which contained only those ingredients listed on their labels. Trader Joe's further expressly warrants and represents in its marketing, advertising, and labeling of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars that all its private label products contain only "quality ingredients" and that Trader Joe's would "never sell any product we believe to be unsafe."[23] Together, this labeling, marketing, and advertising constituted express warranties that formed a basis of the bargain that was breached when Plaintiff Babaian and the Maryland Class members purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars which contained high levels of heavy metals lead and cadmium and were accordingly misbranded, adulterated, and not safe or suitable for human consumption.

109.   Plaintiff Babaian and the Maryland Class, by use of reasonable care, could not have discovered the breached warranty and incurred the hidden increased risks and unreasonable dangers of consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

110.   As a direct and proximate result of Trader Joe's breach of express warranties, Plaintiff Babaian and the Maryland Class members have been injured and damaged in an amount to be determined at trial.

111.   Plaintiff Babaian and the Maryland Class did not need to send notice to Trader Joe's of its breaches of its express warranties because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained lead and cadmium,

---

[23] https://www.traderjoes.com/home/FAQ/product-faqs (last visited May 3, 2023).

Class Action Complaint

in violation of Trader Joe's express warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

### EIGHTH CLAIM FOR RELIEF
**Breach of Implied Warranty of Merchantability**
**Md. Code Com. Law § 2-314**
*(On Behalf of Plaintiff Babaian and the Maryland Class)*

112.   Plaintiff Babaian, individually and on behalf of the Maryland Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

113.   Plaintiff Babaian brings this claim individually and on behalf of the Maryland Class against Trader Joe's.

114.   Trader Joe's is and was at all relevant times a "merchant" with respect to food products under Md. Code Com. Law § 2-104(1) and a "seller" of such products under Md. Code Com. Law § 2-103(1)(d).

115.   The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of Md. Code Com. Law § 2-105(1).

116.   A warranty that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were in merchantable condition and fit for the ordinary purpose for which these food products are used (and were not otherwise injurious to consumers) is implied by law pursuant to Md. Code Com. Law §§ 2-314 and 2-315. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Trader Joe's and Plaintiff Babaian and the Maryland Class members.

117.   The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were not in merchantable condition and are not fit for the ordinary purpose for which food products are used (i.e., human consumption) because they were contaminated with heavy metals lead and cadmium. Trader Joe's knew or had reason to know of the specific use for which

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were purchased. More specifically, at the time Trader Joe's marketed and otherwise placed its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars into the stream of commerce, it knew that Plaintiff Babaian and the Maryland Class would purchase these products for safe human consumption, expecting them to be free from dangerous ingredients such as heavy metals. Trader Joe's further knew that consumers, including Plaintiff Babaian and the Maryland Class, lacked the ability or opportunity to determine whether any unspecified ingredients were present in the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, but would instead rely on Trader Joe's representations that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were suitable for their particular purpose and free from heavy metals.

118.  At all times, Plaintiff Babaian and Maryland Class members used the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner that was intended for use.

119.  Trader Joe's implied warranties apply to the purchasers of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, creating privity between Trader Joe's and Plaintiff Babaian and Maryland Class members. Further, as intended consumers and ultimate users of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, Plaintiff Babaian and Maryland Class members are the intended third-party beneficiaries of any contracts between Trader Joe's and other retailers from which Plaintiff Babaian and Maryland Class members obtained the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, which contained the implied warranty of merchantability and fitness for ordinary use.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Plaintiff Babaian and the Maryland Class members are the parties intended to benefit from any such contract because they are the persons consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner intended.

120.   As a direct and proximate result of Trader Joe's breach of the implied warranty of merchantability, Plaintiff Babaian and the Maryland Class members have been injured and damaged in an amount to be proven at trial.

121.   Plaintiff Babaian and the Maryland Class did not need to send notice to Trader Joe's of its breaches of its implied warranty of merchantability because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained heavy metals, thereby violating Trader Joe's implied warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

## NINTH CLAIM FOR RELIEF
### Violations of the Maryland Consumer Protection Act
### Md. Code Com. Law §§ 13-101, *et seq.*
### *(On Behalf of Plaintiff Babaian and the Maryland Class)*

122.   Plaintiff Babaian, individually and on behalf of the Maryland Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

123.   Plaintiff Babaian brings this claim individually and on behalf of the Maryland Class against Trader Joe's.

124.   Trader Joe's, Plaintiff Babaian, and the Maryland Class are "persons" within the meaning of the Maryland Consumer Protection Act ("Maryland CPA"), Md. Code Com. Law § 13-101(h).

125.   The Maryland CPA provides that a person may not engage in any unfair or deceptive trade practice in the sale of any consumer good. Md. Code Com. Law § 13-303. Trader Joe's participated in misleading, false, or deceptive acts that violated

the Maryland CPA, including by violation Md. Code Com. Law §§ 13-301(2)(i), 13-301(2)(iv), 13-301(1), 13-301(9), 13-301(3), and 13-301(9).

126.   In the course of its business, Trader Joe's concealed that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained high levels of the heavy metals lead and cadmium and otherwise engaged in activities with a tendency or capacity to deceive. Trader Joe's also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars. Trader Joe's deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers about the safety of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars and their ingredients. Plaintiff Babaian and the Maryland Class reasonably understood Trader Joe's representations and omissions to mean that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were reasonably safe and fit for human consumption.

127.   Trader Joe's knew that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were contaminated with high levels of lead and cadmium at the time of sale and acquired additional information thereon after these food products were sold, but concealed all of that information until it was revealed by Consumer Reports.

128.   Trader Joe's thus violated the Maryland CPA by, at a minimum: employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint

Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

129.   Trader Joe's actions as set forth above occurred in the conduct of trade or commerce.

130.   Trader Joe's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Babaian and the Maryland Class about the safety of its dark chocolate products. Trader Joe's intentionally and knowingly misrepresented material facts regarding the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars with the intent to mislead Plaintiff Babaian and the Maryland Class.

131.   Trader Joe's knew or should have known that its conduct violated the Maryland CPA.

132.   Trader Joe's owed Plaintiff Babaian and the Maryland Class a duty to disclose the true safety of these dark chocolate food products because Trader Joe's: (i) possessed exclusive knowledge about the presence of high levels of lead and cadmium in its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars; (ii) intentionally concealed the foregoing from Plaintiff Babaian and the Maryland Class; and (iii) made incomplete representations about the safety of the dark chocolate products, while purposefully withholding material facts from Plaintiff Babaian and the Maryland Class that contradicted these representations.

133.   Because Trader Joe's fraudulently concealed that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained high levels of heavy metals lead and cadmium, purchasers of these food items were deprived of the benefit of their bargain because these dark chocolate products were worth less than they would have been if they were free from heavy metals. Had purchasers of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

bars been aware of the high levels of lead and cadmium, they would have either not bought them or would have paid less for them.

134.    Trader Joe's concealment of the true nature of its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars was material to Plaintiff Babaian and the Maryland Class.

135.    Trader Joe's had an ongoing duty to all purchasers of its products to refrain from unfair and deceptive practices under the Maryland CPA. As a direct and proximate result of Trader Joe's unfair and deceptive conduct in violation of the Maryland CPA, Plaintiff Babaian and the Maryland Class members have suffered injury, ascertainable losses of money or property, and monetary and nonmonetary damages.

136.    Trader Joe's violations caused ascertainable injury to Plaintiff Babaian and the Maryland Class, as well as to the general public. Trader Joe's unlawful acts and practices alleged herein negatively affect the public interest, and there are no countervailing benefits to consumers that outweigh the harm caused by Trader Joe's conduct.

137.    Pursuant to Md. Code Com. Law § 13-408, Plaintiff Babaian and the Maryland Class seek monetary relief against Trader Joe's in the amount of a full refund, actual damages, attorneys' fees, injunctive relief, and any other just and proper relief available the Court deems necessary to protect the public from further violations of the Maryland CPA.

**TENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**810 Ill. Comp. Stat. § 5/2-313**
***(On Behalf of Plaintiff Komessar and the Illinois Class)***

138.    Plaintiff Komessar, individually and on behalf of the Illinois Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

139.   Plaintiff Komessar brings this claim individually and on behalf of the Illinois Class against Trader Joe's.

140.   Trader Joe's is and was at all relevant times a "merchant" with respect to food products under 810 Ill. Comp. Stat. § 5/2-104(1) and a "seller" of such products under 810 Ill. Comp. Stat. § 5/2-103(1)(d).

141.   The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of 810 Ill. Comp. Stat. § 5/2-105(1).

142.   Plaintiff Komessar and each member of the Illinois Class formed a contract with Trader Joe's at the time Plaintiff Komessar and each member of the Illinois Class purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

143.   The terms of these contracts included the promises and affirmations of fact made by Trader Joe's on the packaging of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars and through marketing and advertising which did not reveal the presence of the heavy metals lead and cadmium therein, as described above. Instead, Trader Joe's written warranties with Plaintiff Komessar and the Illinois Class represented that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were food products which contained only those ingredients listed on their labels. Trader Joe's further expressly warrants and represents in its marketing, advertising, and labeling of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars that all its private label products contain only "quality ingredients" and that Trader Joe's would "never sell any product we believe to be

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

unsafe."[24] Together, this labeling, marketing, and advertising constituted express warranties that formed a basis of the bargain that was breached when Plaintiff Komessar and the Illinois Class members purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars which contained high levels of heavy metals lead and cadmium and were accordingly misbranded, adulterated, and not safe or suitable for human consumption.

144.   Plaintiff Komessar and the Illinois Class, by use of reasonable care, could not have discovered the breached warranty and incurred the hidden increased risks and unreasonable dangers of consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars.

145.   As a direct and proximate result of Trader Joe's breach of express warranties, Plaintiff Komessar and the Illinois Class members have been injured and damaged in an amount to be determined at trial.

146.   Plaintiff Komessar and the Illinois Class did not need to send notice to Trader Joe's of its breaches of its express warranties because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained lead and cadmium, in violation of Trader Joe's express warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

## ELEVENTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### 810 Ill. Comp. Stat. § 5/2-314
### *(On Behalf of Plaintiff Komessar and the Illinois Class)*

147.   Plaintiff Komessar, individually and on behalf of the Illinois Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

---

[24] https://www.traderjoes.com/home/FAQ/product-faqs (last visited May 3, 2023).

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

148.    Plaintiff Komessar brings this claim individually and on behalf of the Illinois Class against Trader Joe's.

149.    Trader Joe's is and was at all relevant times a "merchant" with respect to food products under 810 Ill. Comp. Stat. § 5/2-104(1) and a "seller" of such products under 810 Ill. Comp. Stat. § 5/2-103(1)(d).

150.    The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars are and were at all relevant times "goods" within the meaning of 810 Ill. Comp. Stat. § 5/2-105(1).

151.    A warranty that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were in merchantable condition and fit for the ordinary purpose for which these food products are used (and were not otherwise injurious to consumers) is implied by law pursuant to 810 Ill. Comp. Stat. §§ 5/2-314 and 5/2-315. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Trader Joe's and Plaintiff Komessar and the Illinois Class members.

152.    The Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were not in merchantable condition and are not fit for the ordinary purpose for which food products are used (i.e., human consumption) because they were contaminated with heavy metals lead and cadmium. Trader Joe's knew or had reason to know of the specific use for which the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were purchased. More specifically, at the time Trader Joe's marketed and otherwise placed its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars into the stream of commerce, it knew that Plaintiff Komessar and the Illinois Class would purchase these products for safe human consumption, expecting them to be free from dangerous ingredients such as heavy metals. Trader Joe's further knew that consumers, including Plaintiff Komessar and the Illinois Class, lacked the

Class Action Complaint

38

ability or opportunity to determine the any unspecified ingredients in the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, but would instead rely on Trader Joe's representations that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were suitable for their particular purpose and free from heavy metals.

153.   At all times, Plaintiff Komessar and Illinois Class members used the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner that was intended for use.

154.   Trader Joe's implied warranties apply to the purchasers of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, creating privity between Trader Joe's and Plaintiff Komessar and Illinois Class members. Further, as intended consumers and ultimate users of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, Plaintiff Komessar and Illinois Class members are the intended third-party beneficiaries of any contracts between Trader Joe's and other retailers from which Plaintiff Komessar and Illinois Class members obtained the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, which contained the implied warranty of merchantability and fitness for ordinary use. Plaintiff Komessar and the Illinois Class members are the parties intended to benefit from any such contract because they are the persons consuming the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars in the manner intended.

155.   As a direct and proximate result of Trader Joe's breach of the implied warranty of merchantability, Plaintiff Komessar and the Illinois Class members have been injured and damaged in an amount to be proven at trial.

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

156.   Plaintiff Komessar and the Illinois Class did not need to send notice to Trader Joe's of its breaches of its implied warranty of merchantability because Trader Joe's was already on notice that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained heavy metals, thereby violating Trader Joe's implied warranties as alleged herein. Additionally, Trader Joe's is already facing similar lawsuits for the conduct alleged herein.

**TWELFTH CLAIM FOR RELIEF**
**Violations of Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 Ill. Comp. Stat. §§ 505/1, *et seq.***
***(On Behalf of Plaintiff Komessar and the Illinois Class)***

157.   Plaintiff Komessar, individually and on behalf of the Illinois Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

158.   Plaintiff Komessar brings this claim individually and on behalf of the Illinois Class against Trader Joe's.

159.   Trader Joe's is a "person" as that term is defined in 815 Ill. Comp. Stat. § 505/1(c).

160.   Plaintiff Komessar and the Illinois Class members are "consumers" as that term is defined in 815 Ill. Comp. Stat. § 505/1(e).

161.   The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including, but not limited to, the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of trade or commerce ... whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. § 505/2.

Class Action Complaint                                                                          40

162. Plaintiff Komessar and the Illinois Class purchased the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars new and in their original packaging and did not alter these products.

163. In the course of its business, Trader Joe's concealed that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars contained high levels of the heavy metals lead and cadmium and otherwise engaged in activities with a tendency or capacity to deceive. Trader Joe's also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars. Trader Joe's deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers about the safety of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars and their ingredients. Plaintiff Komessar and the Illinois Class reasonably understood Trader Joe's representations and omissions to mean that the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were reasonably safe and fit for human consumption.

164. Trader Joe's knew that its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars were contaminated with high levels of lead and cadmium at the time of sale and acquired additional information thereon after these food products were sold, but concealed all of that information until it was revealed by Consumer Reports. By failing to disclose and by actively concealing this information concerning its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Chocolate 85% Cacao bars, Trader Joe's engaged in unfair and deceptive business practices in violation of the Illinois CFA.

165.    As alleged above, Trader Joe's made material statements about the safety of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars that were either false or misleading. Trader Joe's owed Plaintiff Komessar and the Illinois Class a duty to disclose the true safety of these dark chocolate food products because Trader Joe's: (i) possessed exclusive knowledge about the presence of high levels of lead and cadmium in its Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars; (ii) intentionally concealed the foregoing from Plaintiff Komessar and the Illinois Class; and (iii) made incomplete representations about the safety of the dark chocolate products, while purposefully withholding material facts from Plaintiff Komessar and the Illinois Class that contradicted these representations.

166.    Trader Joe's intentionally and knowingly misrepresented material facts regarding the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars with the intent to mislead Plaintiff Komessar and the Illinois Class. Trader Joe's knew or should have known that its conduct violated the Illinois CFA.

167.    As a direct and proximate result of Trader Joe's unfair and deceptive conduct, Plaintiff Komessar and the Illinois Class members have suffered injury, ascertainable losses of money or property, and monetary and nonmonetary damages. Because Trader Joe's fraudulently concealed the dangerously high levels of lead and cadmium in the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, purchasers of these food products were deprived of the benefit of their bargain since the items they purchased were worth less than they would have been if they were free from heavy metals. Had purchasers of the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint

42

The Dark Chocolate Lover's Chocolate 85% Cacao bars been aware of the high levels of lead and cadmium, they would have either not bought them or would have paid less for them.

168.   Trader Joe's violations caused ascertainable injury to Plaintiff Komessar and the Illinois Class, as well as to the general public. Trader Joe's unlawful acts and practices alleged herein negatively affect the public interest, and there are no countervailing benefits to consumers that outweigh the harm caused by Trader Joe's conduct.

169.   Pursuant to 815 Ill. Comp. Stat. § 505/10a(a), Plaintiff Komessar and the Illinois Class seek monetary relief against Trader Joe's in the amount of a full refund, actual damages, as well as punitive damages because Trader Joe's acted with fraud and/or malice and/or was grossly negligent.

170.   Plaintiff Komessar and the Illinois Class also seek an order enjoining Trader Joe's unfair and/or deceptive acts or practices under 815 Ill. Comp. Stat. § 505/7, punitive damages, and attorneys' fees, and any other just and proper relief available under 815 Ill. Comp. Stat. §§ 505/1 *et seq.* the Court deems necessary to protect the public from further violations of the Illinois CFA.

## THIRTEENTH CLAIM FOR RELIEF
### Unjust Enrichment
### *(On Behalf of All Plaintiffs and the Nationwide Class)*

171.   Plaintiffs, individually and on behalf of the Nationwide Class, incorporate by reference all the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

172.   Plaintiffs and Nationwide Class Members conferred non-gratuitous benefits on Trader Joe's by purchasing the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars which were worthless or otherwise overpriced. Trader Joe's appreciated, accepted, and retained such benefits conferred by Plaintiffs and members of the Nationwide

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class with knowledge and awareness that they were receiving falsely and misleadingly advertised dark chocolate bars which failed to state these Trader Joe's private label products were contaminated with heavy metals lead and cadmium.

173.   Retention of such benefits under the circumstances is accordingly unjust and inequitable. Trader Joe's profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiffs and members of the Nationwide Class. Absent Trader Joe's misleading and deceptive representations regarding the Trader Joe's Dark Chocolate 72% Cacao bars and the Trader Joe's The Dark Chocolate Lover's Chocolate 85% Cacao bars, Plaintiffs and each member of the Nationwide Class would not have purchased the products at issue or would have paid substantially less for such food products. As such, Plaintiffs and other members of the Nationwide Class conferred an improper windfall upon Trader Joe's, which knew of the windfall and has unjustly retained such benefits.

174.   As a direct and proximate result of Trader Joe's unjust enrichment, under principles of equity and good conscience, Plaintiffs and the Nationwide Class are entitled to full disgorgement and restitution of all amounts by which Trader Joe's was enriched through its unlawful or wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Nationwide Class and Subclasses, request that the Court order the following relief and enter judgment against Trader Joe's as follows:

A.   An Order certifying the proposed Nationwide Class and Subclasses under Federal Rule of Civil Procedure 23;

B.   An Order appointing Plaintiffs to represent the Nationwide Class and Subclasses;

C.   A declaration that Trader Joe's engaged in the illegal conduct alleged herein;

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

D.    An Order that Trader Joe's be permanently enjoined from its improper activities and conduct described herein;

E.    A Judgment awarding Plaintiffs and the Nationwide Class and Subclasses restitution and disgorgement of all compensation obtained by Trader Joe's from its wrongful conduct;

F.    A Judgment awarding Plaintiffs and the Nationwide Class and Subclasses compensatory damages and punitive damages, where available, in an amount to be proven at trial;

G.    Prejudgment and post-judgment interest at the maximum allowable rate;

H.    An Order awarding Plaintiffs and the Nationwide Class and Subclasses reasonable litigation expenses, costs, and attorneys' fees;

I.    An Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Nationwide Class and Subclasses; and

J.    An Order awarding such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all claims and issues so triable.


Dated: May 9, 2023          By:    */s/ Dustin L. Schubert*
                                          Robert C. Schubert (S.B.N. 62684)
                                          Dustin L. Schubert (S.B.N. 254976)
                                          **SCHUBERT JONCKHEER & KOLBE LLP**
                                          2001 Union St., Suite 200
                                          San Francisco, CA  94123
                                          Telephone:  (415) 788-4220
                                          Fax:          (415) 788-0161
                                          rschubert@sjk.law
                                          dschubert@sjk.law

                                          *Counsel for Plaintiffs and the Putative Classes*

SCHUBERT JONCKHEER & KOLBE LLP
2001 Union St., Suite 200
San Francisco, CA 94123
(415) 788-4220

Class Action Complaint                                                          45